Sameh Mohamed Mohamed GHAZAL; Inaia Abdel Karim Abeb El Maghraby, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71630.

Agency Nos. A75–502–355, A75–502–356.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Sept. 13, 2004.*

Decided Sept. 23, 2004.

Sameh Mohamed Mohamed Ghazal, Los Angeles, CA, pro se.

Inaia Abdel Karim Abeb El Maghraby, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

## MEMORANDUM**

Sameh Mohamed Mohamed Ghazal, and Inaia Abdel Karim Abeb El Maghraby, stateless individuals of Palestinian ethnicity, petition pro se for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's asylum eligibility finding for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we grant the petition for review.

Because the facts were not disputed and were accepted as true by the IJ, we accept them as true here. *See El Himri v. Ashcroft*, 378 F.3d 932, 934 n. 1 (9th Cir. 2004). After the IJ considered undisputed evidence that Ghazal had been detained, forcibly deported, or turned away by gov-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ernment officials when he sought to obtain legal residency in Israel, Egypt, and the United Arab Emirates ("UAE"), the IJ held that Ghazal's statelessness did not amount to past persecution. However, the IJ did not reach the issue of Petitioner's fear of future persecution and the record remained undeveloped as to that question. The IJ failed to properly consider the State Department Country Reports and reports from the United Nations High Commissioner for Refugees regarding the treatment of Palestinians in both Israel and Egypt, the two designated countries of removal. *See id.* at 936–37 (finding a well-founded fear of future persecution where Amnesty International and State Department Country Reports described severe economic discrimination against Palestinians in Kuwait); *see also Baballah v. Ashcroft,* 367 F.3d 1067, 1075–76 (9th Cir.2004) (holding that state-sponsored economic discrimination against an Israeli–Arab constituted persecution).

■ Furthermore, the IJ improperly designated Israel and Egypt as alternate countries of removal because the government failed to satisfy its burden of showing that either of these countries will accept the alien. *See El Himri,* 378 F.3d at 939–40; *Ali v. Ashcroft,* 346 F.3d 873, 881–82 (9th Cir.2003).

We remand under *INS v. Ventura,* 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam) to permit the BIA to conduct further proceedings consistent with *El Himri,* in order to properly designate a permissible country of removal, and to determine whether Petitioners are eligible for asylum or withholding on the basis of a "well-founded fear of future persecution." 8 C.F.R. § 1208.13(b)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See*

**PETITION FOR REVIEW GRANTED; REMANDED.**